# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NINA BYTSKA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SWIS INTERNATIONAL AIR LINES, ) <br> LTD. and UKRAINE INTERNATIONAL ) <br> AIRLINES, ) <br> ) <br> Defendants. ) | Case No. 15-cv-483 <br><br> Judge Joan B. Gottschall |

## MEMORANDUM OPINION & ORDER

Plaintiff Nina Bytska ("Bytska") filed a five-count first amended complaint against Swiss International Air Lines, LTD. ("Swiss") and Ukraine International Airlines ("UIA") (collectively, "Defendants"). Bytska alleges that Defendants violated the Montreal Convention[1] with respect to two different flights operated by each Defendant on which Bytska was a confirmed passenger (Count I). Bytska also alleges that Defendants violated various provisions of Regulation No 261/2004 of the European Parliament and European Council ("EU 261"), which, according to Bytska, were incorporated into her air transportation contracts with Swiss Air and UIA. (Counts II-IV). Swiss filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on Counts II-IV relating to Bytska's EU 261 claims. [Dkt. 15] Similarly, UIA filed a motion to dismiss pursuant to Rule 12(b)(6) on Counts II-IV. UIA also filed its motion to dismiss pursuant to 12(b)(2) on Count I, arguing that the Montreal Convention claim, as directed toward UIA, is time-barred. [Dkt. 23] For the following reasons, Defendants'

---

[1] Convention for Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999.

motions are granted. Counts I-V as directed toward UIA are dismissed and Counts II-V as directed toward Swiss are dismissed.[2]

## II. BACKGROUND

Bytska is a resident of Illinois and was a confirmed passenger on UIA Flight 4271, which was operated under a code share agreement[3] with Swiss, and was scheduled to arrive in Zurich, Switzerland on January 19, 2013 from Kiev, Ukraine at 11:50 a.m. [Dkt. 5 ¶¶ 16, 24.] From Zurich, Switzerland, Bytska was to board a connecting flight, Swiss Flight 8, to her final destination of Chicago, Illinois. [Dkt. 5 ¶ 24.] Swiss Flight 8 was scheduled to depart Zurich for Chicago at 12:55 p.m. on January 19, 2013. [Dkt. 5 ¶ 25.] Bytska claims that UIA Flight 4271 was delayed for several hours and, as a result, she arrived in Zurich several hours late and was not allowed to board UIA Flight 8 to Chicago. [Dkt. 5 ¶¶ 30, 36.] Because she missed her connecting flight to Chicago, Bytska was forced to stay overnight in Zurich. [Dkt. 5 ¶¶ 30, 36.] While she was subjected to a delay of almost twenty-four hours, Swiss did not provide Bytska with any travel-related assistance as required by EU 261. [Dkt. 5 ¶ 38, 40.]

After seeking and being denied compensation for her delayed flights, Bytska filed her complaint against Swiss on January 18, 2015. On February 14, 2015, Bytska filed her first amended complaint ("FAC"), adding UIA as a defendant. Other than adding UIA as a defendant, the FAC is the same, substantively, as her originally filed complaint.

## III. LEGAL STANDARD

---

[2] Count V is dismissed as Bytska admits in her response to Defendants' motions to dismiss that it is a "duplicative breach of contract claim covering identical demands for compensation and damages caused by Swiss' and UIA's alleged failure to adhere to the provisions of both the Montreal Convention and EU 261." [Dkt. 47, p. 6]
[3] Although not defined by the parties, "Code sharing is a commercial agreement between two airlines that allows an airline to put its two-letter identification code on the flights of another airline as they appear in computerized reservations systems." Code Sharing Fact Sheet, http://www.gsa.gov/portal/content/103887, last accessed February 22, 2016.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. For the purposes of a motion to dismiss, the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider documents attached to a complaint, such as contract documents. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

## IV. DISCUSSION

### A. EU 261 (Counts II – IV)

Both Defendants move for dismissal of Bytska's claims for violations of EU 261 on essentially the same basis. EU 261 requires airlines to compensate airline passengers for certain delayed and canceled flights departing from or arriving at airports in the European Union. (EU 261 Arts. 3, 5-7).

In Count II, Bytska alleges that Defendants failed to tender the compensation allegedly due to her under Article 7 of EU 261 after UIA's delay and Swiss' refusal to allow her to board Flight 8 caused Bytska to miss her flight home to Chicago. In Count III, Bytska alleges that Defendants breached their "duty to inform" under EU 261 Article 14 when Defendants failed to "adequately and meaningfully" apprise her of her rights to compensation and assistance in connection with the delay of UIA Flight 4271 and the denial of boarding of Swiss Flight 8. Finally, in Count IV, Bytska alleges that Defendants breached their duty of care under Article 9

3

of EU 261 by failing to offer her meals, hotel accommodations, and other assistance after she arrived in Zurich from Kiev late, thereby causing her to have to stay overnight in Zurich.

As an initial matter, it bears noting that although Bytska's claims in Counts II-IV are styled as breach of contract claims, the arguments raised by Bytska in her response to the motions to dismiss suggest that she is also seeking to assert a direct claim under EU 261. This Circuit has unequivocally stated that direct actions to enforce EU 261 rights are limited to courts in the EU Member States. *Volodarskiy v. Delta Airlines, Inc.*, 784 F.3d 349, 354 (7th Cir. 2015) ("EU 261 is not judicially enforceable outside the courts of the EU Member States."). Therefore, Bytska's claims under U 261 are viable only if Bytska's contract with Defendants—the General Conditions of Carriage ("General Conditions")—incorporate EU 261. *Baumeiser v. Deutsche Lufthansa, AG*, —F.3d—, 2016 WL 385375, at *1 (7th Cir. Feb. 2, 2016).

In her FAC, Bytska alleges that Defendants incorporated EU 261 into their respective General Conditions, thereby voluntarily assuming the duties and obligations set forth in EU 261. Although Bytska did not attach the General Conditions for each airline to her FAC, she referenced them and posted their web address. Unfortunately, almost every web address provided by Bytska was nonfunctioning. Nevertheless, the court accepts Bytska's allegations as true for the purpose of the currently pending motions to dismiss.

However, in the briefs attached to their respective motions to dismiss, Defendants either attach their General Conditions or post a functioning web address that directs the court's attention to their General Conditions. These materials make clear that EU 261 is not incorporated into the General Conditions for either UIA or Swiss. EU 261 is not referenced in the UIA General Conditions, and it appears only in a non-relevant section of Swiss' General Conditions addressing overbooked flights. Because Bytska has not alleged any claims regarding

4

overbooking, the inclusion of EU 261 in that section is inconsequential. In her response to Defendants' motions to dismiss, Bytska was given an opportunity either to attach a version of the General Conditions that comported with her allegations or provide an explanation for her belief that the duties and obligations of EU 261 were voluntarily assumed by each airline. She failed to do so.

When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss. *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls."); *Cf. Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R. Civ. P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."). When an exhibit contradicts the allegations in the complaint, ruling against the non-moving party on a motion to dismiss is consistent with the court's obligation to review all facts in the light most favorable to the non-moving party. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

The Seventh Circuit has explained that "[s]uch an analysis is no different than that involved in contract disputes in which a plaintiff attaches a contract to the complaint and makes an allegation that the contract on its face clearly disputes." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 456 (7th Cir. 1998). That is not to say that a plaintiff cannot contradict the apparent meaning or significance of a document or other exhibit. But a plaintiff whose case relies on contradicting such an attachment needs to explain her position. *Bogie*, 705 F.3d at 609. The General Conditions directly contradict Bytska's allegations that the Defendants were contractually bound by EU 261, and she has failed to

5

explain her position. Therefore, at this time, the court must dismiss Counts II – IV against UIA and Swiss.

Defendants also argue that EU 261 did not govern the flights in question. EU 261 provides that it applies:

> (a) To passengers departing from an airport located in the territory of a Member State to which the Treaty applies;
>
> (b) To passengers departing from an airport located in a third country to an airport situated in the territory of a Member State to which the Treaty applies, unless they received benefits or compensation and were given assistance in that third country, if the operating air carrier of the flight concerned in a Community carrier.

Defendants argue that EU 261 is inapplicable to this case because none of the three countries involved—the United States, Ukraine, and Switzerland—are members of the European Union. The court need not address this argument since it has already dismissed Bytska's EU 261 claims on the basis that EU 261 was not incorporated into Defendants' General Conditions.

### B. Montreal Convention Claim Against UIA

UIA argues that Count I of the FAC, as directed against it, should be dismissed because it was filed outside of the two-year statute of limitations set forth in the Montreal Convention. The Montreal Convention was adopted in 1999 and came into force in the United States in November 2003. It replaced the Warsaw Convention, which was signed in 1929 and was intended to "achieve uniformity of rules governing claims arising from international air transportation." *El Al Israel Airlines v. Tseng*, 525 U.S. 155, 169, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999) (quoting *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 552, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1990)). While the Montreal Convention retains the Warsaw Convention's focus on "limit[ing] air carriers' potential liability in the event of an accident," *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 779 (7th Cir.2008), it also "shows increased concern for the rights of

6

passengers." *Weiss v. El Al Israel Airlines, Ltd.*, 433 F.Supp.2d 361, 365 (S.D.N.Y.2006). As relevant here, Articles 17 and 19 of the Montreal Convention—relied upon by Bytska in seeking damages—provide that at an air carrier under certain circumstances is liable for damages sustained in case of death or bodily injury, damages to baggage, or due to a flight delay. (Montreal Convention, Arts. 17, 19.) Article 35(1) sets forth the time limit for bringing a claim under the Montreal Convention:

> The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped.

(Montreal Convention, Art. 35(1)).

UIA argues that because it was added as a defendant to this case outside of the two year statute of limitations set forth in Article 35(1), Count I should be dismissed. In response, Bytska argues that the FAC relates back to her original complaint, which was timely filed. Bytska argues that the FAC relates back because the FAC asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading. Bytska's analysis, however, pertains to adding a claim rather than adding a party, and is therefore incomplete. Fed. R. Civ. P. 15(c)(1)(B). Adding a party requires compliance with Rule 15(c)(1)(B) *and* the satisfaction of the requirements set forth in Fed. R. Civ. P. 15(c)(1)(C).

Relation back for adding a party is permitted in several circumstances, including when "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). A party who is on notice long before the statute of limitations expires that he is an intended defendant, and who suffers no harm from the failure to have been named as a

7

defendant from the outset, is in the same position as a defendant sued within the limitations period. *Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011).

While the allegations regarding the January 19, 2013 incident in the FAC arise from the same occurrence as those set out in the original complaint, there is no indication that UIA received notice of the suit at the time of the original complaint or knew or should have known that it was intended to be a party. Further, Bystka has not alleged that she would have named UIA as a defendant but for a mistake. She argues only that the FAC asserts a claim that arose out of the same occurrence set out in the original pleading. This is not enough. Relation back is inappropriate as to Count I against Defendant UIA.

### C. *Forum Non Conveniens*

Swiss has asked that the case be dismissed on *forum non conveniens* grounds.[4] A district court may dismiss a case on *forum non conveniens* grounds when it determines that there are "strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction." *Abad v. Bayer Corp.*, 563 F.3d 663, 665 (7th Cir.2009), *citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429–30 (2007). While many considerations are part of this inquiry, the most important is "the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Sinochem*, 549 U.S. at 429 (internal quotation marks and citation omitted); *see also Kamel v. Hill–Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997) (*forum non conveniens* dismissal appropriate when dismissal "best serves the convenience of the parties and the ends of justice"), *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Thus, when an alternative forum has

---

[4] UIA has also asked the court to dismiss on *forum non conveniens* grounds, but all counts directed toward UIA have already been dismissed.

8

jurisdiction to hear a dispute, a case can be dismissed if trial in the plaintiff's chosen forum would be more oppressive to the defendant than it would be convenient to the plaintiff or if the forum otherwise creates administrative and legal problems that render it inappropriate. *See Sinochem*, 549 U.S. at 429.

Because Bytska's EU 261 claims have been dismissed, this court is no longer confronted with the administrative or legal complications of interpreting and applying a foreign country's law. The Montreal Convention does not present any issues of foreign law or comity concerns as it was adopted in the United States in November 2003. The court is also disinclined to force Bytska to file her claim abroad simply because it may be more convenient for one of the Defendants.[5] Therefore, Defendants' motion to dismiss based on *forum non conveniens* is denied.

## V. CONCLUSION

For the reasons stated above, UIA's Motion to Dismiss Bytska's First Amended Complaint [23] is granted. Furthermore, Swiss' Motion to Dismiss Bytska's First Amended Complaint [15] is also granted. Status is set for March 9, 2016 at 9:30 a.m.

Date: March 1, 2016                                      /s/

                                                                                                                   Joan B. Gottschall
                                                                                                                    United States District Judge

---

[5] Although all of the claims against UIA have been dismissed in this case, it is possible that Bytska could maintain a direct action under EU 261 against UIA in a foreign jurisdiction.